IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES ROUSE                                                        PLAINTIFF

vs.                              Civil No. 6:10-cv-06004

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charles Rouse ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying his applications for Disability

Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have

consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case,

including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 12.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed an application for DIB on April 25, 2008.  (Tr. 10, 39-41).  In this application,

Plaintiff alleged he was disabled due to Post-Traumatic Stress Disorder ("PTSD"), high blood

pressure, peripheral neuropathy, "veins in leg," back and neck problems, asthma, and high cholesterol.

(Tr. 66).  Plaintiff alleged an onset date of January 1, 1993.  (Tr. 39).  This application was denied

initially and upon reconsideration.  (Tr. 31-38).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted.  (Tr. 24-30).  An administrative hearing was held on July 22, 2009 in Little Rock, Arkansas.  (Tr. 355-372).  Plaintiff was present but was not represented by counsel at this hearing. *Id.*  Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Mack Welch testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008)[2], and had obtained a GED.  (Tr. 358).

On August 14, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application.  (Tr. 10-23).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 1998.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1993, his alleged onset date.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: hypertension, degenerative joint disease, carpal tunnel syndrome, depressive disorder, alcohol dependence, cocaine dependence, and cannabis abuse.  (Tr. 12, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings").  (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC in light of his substance abuse.  (Tr. 14-17).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence of the

---

[2] On his alleged onset date, however, Plaintiff was only forty-two (42) years old and was considered a "younger person" under 20 C.F.R. § 404.1563(c).

2

record, that Plaintiff retained the RFC to perform the following considering his substance abuse:

> After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance abuse disorders, the claimant has the residual functional capacity to perform significantly less than a full range of sedentary work. The claimant can lift 5 pounds; sit 3 hours during an 8 hour workday; and stand/walk 1 hour during an 8 hour workday. In addition, due to a combination of medical problems and the associated pain, the claimant is unable to engage in sustained work activity for a full 8 hour day on a regular basis.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") considering his substance abuse. (Tr. 17, Finding 6). The ALJ found his PRW included work as a public safety officer (heavy, skilled). *Id.* Based upon his RFC, the ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ then evaluated whether there was other work Plaintiff could perform in the national economy, considering his age, education, work experience, RFC, and substance abuse. (Tr. 17-18, Finding 10). The ALJ found there was no work he could perform. *Id.*

The ALJ then evaluated Plaintiff's limitations assuming he did not have a problem with substance abuse. (Tr. 18-23). The ALJ determined if Plaintiff stopped his substance abuse, his remaining limitations would cause more than a minimal impact on his ability to perform basic work activities. (Tr. 18-19, Finding 11). Therefore, he found that even without his substance abuse problem, Plaintiff would still continue to have a severe impairment or combination of impairments. *Id.* Further, the ALJ found that without his substance abuse problem, Plaintiff would still not have an impairment or combination of impairments which qualify under the Listings. (Tr. 19, Finding 12).

The ALJ determined that without his substance abuse problem, Plaintiff would retain the RFC to perform the full range of light work as defined in 20 CFR § 404.1567(a). (Tr. 19-22, Finding 13). The ALJ determined if Plaintiff stopped his substance abuse, he would still continue to be unable to

perform his PRW.  (Tr. 22, Finding 14).  The ALJ determined if Plaintiff stopped his substance abuse, however, considering his age, education, work experience, and RFC, there would still be a significant number of jobs in the national economy that he would be able to perform.  (Tr. 23, Finding 16).  The ALJ based this determination upon Medical-Vocational Rule 201.21.  *Id.*  In accordance with that finding, the ALJ determined Plaintiff would not be disabled if he stopped his substance abuse, and his substance abuse was a contributing factor material to the determination of disability.  (Tr. 23, Finding 17).  Thus, the ALJ determined Plaintiff had not been disabled within the meaning of the Act at any time from his alleged onset date through the date of his decision.  *Id.*

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.968.  On December 28, 2009, the Appeals Council declined to review this unfavorable decision.  (Tr. 3-5).  On January 26, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 3, 2010.  ECF No. 12.  Both Parties have filed appeal briefs.  ECF Nos. 6-8, 11.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v.*

4

*Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age,

education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff raised the following arguments for reversal: (1) the ALJ improperly determined his drug and alcohol abuse was a material factor leading to his disability; (2) the ALJ failed to fully and fairly develop the record; (3) the ALJ failed to properly consider the Veteran's Administration's (VA) determination of disability; and (4) the ALJ erred in performing his credibility determination. ECF No. 7. In response, Defendant disputes each of these claims. ECF No. 11. This Court has reviewed Plaintiff's arguments and the transcript in this case and, based upon that review, the ALJ failed to properly consider the VA's determination of disability. Thus, this Court will only review Plaintiff's third argument for reversal.

As an initial matter, it is important to note that Plaintiff was not represented by counsel at the administrative hearing in this matter. (Tr. 355-372). In general, the ALJ has the duty to fully and fairly develop the record. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). This duty remains with the ALJ regardless of whether the claimant is represented by counsel. *See id.* However, in those circumstances where the claimant is not represented by counsel, the Eighth Circuit has been even more stringent with the requirement that the ALJ ensure the record is fully and fairly developed. *See, e.g., Battles v. Shalala,* 36 F.3d 43 (8th Cir. 1994).

Further, the record includes a one-page, single-paragraph letter from the Department of Veterans Affairs which is dated August 20, 2008 and states the following:

Dear Mr. Rouse:

This is to certify that according to the records of the Department of Veterans Affairs, you are considered to be permanently and totally disabled due to service-connected

6

disabilities.

(Tr. 106).  There is no further development in the record regarding this issue.  Specifically, there is no indication *when* the VA found this permanent and total disability began in this case, and there is no indication whether the VA found Plaintiff to be disabled during the relevant time period in this action. In his opinion, the ALJ makes only a passing reference to this determination by the VA: "The claimant testified that he was receiving disability benefits from the VA."  (Tr. 15).

The Eighth Circuit has held disability determinations by other federal agencies are "not binding on an ALJ" but "are entitled to some weight and must be considered in the ALJ's decision." *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir. 1998).  The ALJ is not required to explicitly review all of the findings from another federal agency's decision.  *See Pelkey v. Barnhart,* 433 F.3d 575, 579-580 (8th Cir. 2006).  Instead, the review of federal agency's decision can include a full consideration of the evidence *underlying* the decision of the federal agency.  *Id.* (holding that "[a]lthough he did not specifically mention the 60 percent figure, the ALJ did not err because he fully considered the evidence underlying the VA's final conclusion that Pelkey was 60 percent disabled").

In this case, Defendant claims that even though he did not evaluate and only gave passing reference to the VA's disability determination, the ALJ fully considered all of the medical records from the VA.  ECF No. 11 at 10.  Thus, Defendant argues the ALJ properly followed the requirements of *Pelkey*.  *Id.*  Defendant's argument is misplaced.  In *Pelkey*, the ALJ requested, obtained, and reviewed the documents *underlying* the VA's disability determination.  *See Pelkey,* 433 F.3d at 579-580.  In the present action, it is impossible to determine what medical documents the VA used to make its disability determination.  The only document included in the transcript related to this determination is a one-page, one-paragraph letter stating Plaintiff is disabled, and this letter references no medical

7

records.  Indeed, the fact that all Plaintiff's treatment records are from the VA does not necessarily establish those were the specific documents *underlying* the VA's disability determination.

Of course, the ALJ may have considered the VA's disability determination and had specific reasons for discounting it, but, without any statements in his opinion regarding that determination, it is impossible for this Court to surmise his reasoning for discounting this finding of full and permanent disability.  *See Morrison,* 146 F.3d at 628.  Thus, this case must be reversed and remanded for further development regarding the VA's finding of disability and to afford the ALJ time to consider that determination prior to determining whether Plaintiff is disabled.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE